The opinion of the court was delivered by
Manning, C. J.
The plaintiffs sue to compel the defendants to pay 'them an alleged debt of Edward Day of a little over one thousand dollars, the liability to pay which is charged to arise from the defendants . having taken possession of Day’s vacant succession, with the intent to ■convert it to their own use, and without being authorized to that effect.
A peremptory exception was filed for this; — that an action will not Hie to render a party liable for payment of the debts of a deceased person, until such party shall have been convicted of having taken possession of ■the vacant estate of the deceased, without authorization, and with the Intent to convert it to his own use. Another ground of exception, not ■made in the pleadings, but orally argued by the counsel on both sides, is that the Fifth Court has not jurisdiction because the claim is against .a succession.
The purpose of the suit is certainly not the enforcement against a ■succession of an alleged claim. Its object is to compel living persons to pay the debt of one deceased, because they have taken possession of and appropriated to themselves, without leave of the court, all that would otherwise have been answerable to plaintiffs’ claim. No court but one of ordinary jurisdiction could have cognisance of such a demand.
It will not do to say, that the plaintiff must establish his claim contradictorily with a succession, duly represented, before he can be said to have a valid one. If the defendant has, by his own act, unauthorizedly .•appropriated the vacant succession to himself, that act dispenses a ■creditor of the deceased from looking to the succession any longer for payment. His claim is now converted into a personal one against the *950 party appropriating the estate unlawfully, or rather, he has the option of thus converting it.
On the point of the necessity of a criminal prosecution and conviction preceding the civil suit, we are referred to three express adj u dications and to the law in the latest revisal of the statutes. Our decision must depend upon the effect we shall give to a very remarkable change in the Civil Code made by the interpolation of a hew article in'1870.
Prior to 1820, the liability of a person, who should convert to his own use the effects of a deceased person, was confined to the succession, which could sue the intermeddler in an action for damages for the injury to it. An Act of that year added another remedy by providing that the party, thus taking possession of a vacant estate, without authority, should be prosecuted, and on conviction should be fined, and moreover should be liable to pay all the debts of the estate, besides the damages, suffered by parties. The language of this law is reproduced exactly m the Revised Statutes of 1856, p. 541, and in those of 1870, see. 3685. And’ under that law, it has been uniformly held, that the criminal prosecution and conviction must precede the suit to enforce the civil liability. McMasters v. Place, 8 Annual, 431. Walworth v. Ballard, 12 Annual, 245. Carl v. Poelman, Idem, 344.
If the law had remained the same, we should adhere to that construction, although there can be no good reason why a party should be precluded from enforcing a civil liability, incurred by another because of an act, not criminal in its nature or essence, until those, who have in charge the administration of the criminal law, shall choose to prosecute him.. ■The sections of the two revisáis cited are under the head of successions', and do not appear among the crimes and offences.
But the decisive feature is that the Civil Code, as revised, contains anew article, manifestly designed to alter the law upon this very point, and wisely altering it, as it had been construed by this court. It enacts; —in case any person shall take possession of a vacant succession, or a part thereof, without being duly authorized to that effect, with the intent of converting the same to his own use, he shall be liable to pay the debts of said estate, exclusive of the damages to be claimed by the parties who-may have suffered thereby, art. 1100.
Whenever there is any conflict between the provisions of the Revised’ Statutes of 1870, and those of the Civil Code, as revised in that year, the latter shall prevail. Rev. Stats, sec. 3990. The new article of the Code is an exact copy of the law of 1820, as reproduced in the revised statutes of 1870, except that the word ‘ succession ’ is substituted to ‘ estate,’ and the provision subjecting the intermeddler to a criminal prosecution is wholly omitted.
The counsel of the defendants insist that these two enactments ar& *951 not in conflict. They are in error. If it had been argued, that the material change in the phraseology as it appears in the Code, does not necessarily repeal that part of the statutes which creates the criminal offence, there would have been good reason for that construction. The criminal offence may very well continue to exist. The statutes attach to its commission a two fold punishment, viz a fine, and a liability to pay debts and damages. The Code on the other hand retains the declaration of civil liability on the part of the'intermeddler, and relieves it from the hampering restriction of a criminal conviction as a pro-requisite to its enforcement, which in truth had practically operated as an immunity to the intermeddler.
Whether on trial, the plaintiffs shall be able to sustain their allegations, so as to fix liability upon the defendants, is for future investigation. The exception is to the prematurity of the action, and should not have been sustained. Therefore
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that the cause is remanded, with instructions to the judge below to overrule and dismiss the exception of the defendants, and proceed to the hearing of the case, .and that the defendants pay the costs of appeal.